IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| CHRISTOPHER MANUEL<br>422 St. Andrews Ln.<br>Broadview Hts. OH 44147,<br><br>    Plaintiff,<br><br>v.<br><br>SANDERS REAL ESTATE, LLC<br>c/o its statutory agent<br>DENNIS W. SANDERS, Jr.<br>123 JACKS PLACE, SUITE C<br>BRANDON, MS 39047,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT** |

Now comes the Plaintiff and for its Complaint against Defendant, hereby states as follows.

**I.     Preliminary Statement**

1.     This is a breach of contract action in which Plaintiff Christopher Manuel is seeking, along with other appropriate relief, specific performance of an April 7, 2021 Residential Contract For Sale And Purchase of property owned by Defendant Sanders Real Estate, LLC and known as 6822 Thomas Drive, Panama City Beach, Florida 32408 (Property Tax ID: 30766-022-000) (hereinafter, "the Property").

2.     Pursuant to a valid and enforceable contract, Defendant agreed to sell the Property to Plaintiff for the purchase price of $699,000.

**II.     Parties and Jurisdiction**

3.     Plaintiff Christopher Manuel ("Manuel" or "Plaintiff") is an individual residing at 422 St. Andrews Ln. in Broadview Hts. Ohio 44147 and is the Buyer in the Residential Contract For Sale And Purchase (hereinafter, "the Agreement"). A true and accurate copy of the operative Agreement is attached hereto as Exhibit A.

4. Defendant Sanders Real Estate, LLC ("Sanders" or "Defendant"), is a Mississippi Limited Liability Company with its principal place of business in Brandon, Mississippi. Upon information and belief Sanders Real Estate, LLC is not registered as a foreign corporation in the State of Florida.

5. Sanders owns the Property and is the Seller in the Agreement.

6. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as the Property that is the subject of this action is located within the Northern District of Florida.

**III.   Facts**

8. The Agreement provided that Defendant would sell the Property to Plaintiff for the purchase price of $699,000.00 and that the sale of the Property would close on September 1, 2021. Agreement at ¶¶ 2, 4.

9. The Agreement provided that "Seller shall, at Closing, deliver occupancy and possession of the Property to Buyer" and "shall deliver all keys, garage door openers, access devices and codes, as applicable, to Buyer." Agreement at ¶ 6(a).

10. The purchase price for the Property was to be paid as follows: $10,000.00 was to be placed in escrow, $558,000.00 was to be financed by Plaintiff, and the balance due at closing was to be $131,000.00.

11. The purchase of the Property was contingent upon the Buyer obtaining a conventional loan within 30 days after the Effective Date of the Agreement. The Effective Date

of the Agreement was defined as "the date when the last one of the Buyer and Seller has signed or initialed and delivered" the Agreement. Agreement at ¶¶ 3(b), 8(b).

12. Plaintiff timely deposited $10,000.00 into escrow with Mason Title & Escrow Company in accordance with the Agreement. See Exhibit B.

13. Plaintiff timely obtained financing in the amount of $558,000.00 and was ready, willing and able to pay the remaining $131,000.00 on September 1, 2021, the date of Closing.

14. Despite Plaintiff's compliance with his obligations under the Agreement, Defendant breached the Agreement by failing to convey the Property to Plaintiff as agreed.

15. To date, Defendant has refused repeated demands from Plaintiff that Defendant convey the Property as agreed.

16. Moreover, as alleged herein, based on the representations of Defendant's agent, Todd Gorrell, Plaintiff incurred costs and expenses in anticipation of closing. Upon information and belief, Mr. Gorrell is not only Defendant's agent but also owns an interest in Defendant, though such interest was not disclosed in the Agreement.

17. Subsequent to September 1, 2021, Defendant, by and through its agent Mr. Gorrell repeatedly strung Plaintiff along with representations and false assurances that closing would soon occur. At one point, Mr. Gorrell so strongly assured closing would occur on December 28, 2021 that Plaintiff paid for and had homeowners insurance issued as same was required by Plaintiff's lender to fund the Plaintiff's financing.

18. Defendant knew Plaintiff was incurring costs and expenses in anticipation of closing, including but not limited to acquiring appliances, custom toilets and ceiling fans that Defendant installed on the Property. Likewise, Defendant was aware that Plaintiff incurred costs

with interest rate locks, surveys in connection with Plaintiff's financing and home furnishings in anticipation of the post-September 1, 2021, closings.

19. Repeatedly after September 1, 2021, Defendant continued to represent that Closing was soon to occur and inquired if Plaintiff was prepared to close, which Plaintiff confirmed.

20. Paragraph 15(b) of the Agreement (Seller Default) provides that "If for any reason other than failure of Seller to make Seller's title marketable after reasonable diligent effort, Seller fails, neglects or refuses to perform Seller's obligations under this Contract, Buyer may elect to receive return of Buyer's Deposit without thereby waiving any action for damages resulting from Seller's breach, and, pursuant to Paragraph 16, may seek to recover such damages or seek specific performance."

21. Paragraph 17 of the Agreement (Attorney's Fees; Costs) provides that "[i]n any litigation permitted by this Contract, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting the litigation. This Paragraph 17 shall survive Closing or termination of this Contract."

## COUNT 1 – BREACH OF CONTRACT

22. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if the same were fully rewritten herein.

23. Plaintiff and Defendant entered into the Agreement for the sale of the Property on April 7, 2021.

24. As set forth above, Plaintiff has timely performed each of his obligations under the Agreement.

25. Defendant has, without justification, breached the Agreement by failing and refusing to convey the Property to Plaintiff as agreed.

26. As a proximate result of Defendant's breach, Plaintiff has sustained damages including but not limited to loss of bargain damages, expenses incurred in connection with obtaining financing for the property, the value of appliances purchased by Plaintiff and installed at the Property, and the costs associated with the filing of this action.

## COUNT 2: DECLARATORY JUDGMENT

27. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if the same were fully rewritten herein.

28. A true and justiciable controversy exists by and between the Plaintiff and Defendant regarding the enforceability of the Agreement for the sale of the Property as the Plaintiff and Defendant entered into the Agreement for the sale of the Property on April 7, 2021. As such, no subsequent contract for the sale of the Property to another party can be agreed upon by Defendant as the Property is already subject to a purchase contract with Plaintiff.

29. As a result of the foregoing conduct of Defendant as described herein, the Plaintiff seeks a declaratory judgment by this Court that the Agreement between the Plaintiff and Defendant was and is an enforceable contract, that Plaintiff is entitled to the Property upon payment of the balance of the agreed upon purchase price, and that any subsequent contract for sale of the Property to any other party is invalid and therefore unenforceable.

## COUNT 3: SPECIFIC PERFORMANCE

30. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if the same were fully rewritten herein

31. On or about April 7, 2021, Plaintiff and Defendant entered into the Agreement in writing, a copy of which is hereto annexed as Exhibit A, whereby Defendant agreed to sell the Property to Plaintiff.

32. The Property is located at as 6822 Thomas Drive, Panama City Beach, Florida 32408 (Property Tax ID: 30766-022-000) and is described as Holiday Beach Unit #10 Lots 8, 17 BLK R ORB 4107 P 2206. A survey, commissioned by Plaintiff, depicting the Property is attached hereto as Exhibit C.

33. On April 15, 2021, the escrow agent confirmed Plaintiff's timely earnest money deposit of $10,000 as required by the Agreement.

34. Plaintiff timely obtained approval for financing in the amount of $558,000.00 as required by the Agreement.

35. On September 1, 2021, Plaintiff was ready, willing and able to pay the remaining $131,000.00 balance of the purchase price of the Property as required by the Agreement.

36. In accordance with the provisions of said Agreement Plaintiff was ready, willing and able to tender to Defendant the purchase price and requested a conveyance of the land, but defendant refused to accept the tender and refused to make the conveyance.

37. Plaintiff continues to be willing to perform his obligations under the Agreement and has remained willing and able to pay the balance of the purchase price.

38. All contractual conditions precedent to Defendant's obligation to convey the Property have been performed of have occurred or are within Defendant's ability to complete thus enabling the conveyance of the Property.

39. Plaintiff lacks an adequate remedy at law, and an award of monetary damages alone cannot fully compensate Plaintiff for his injuries.

40. As a proximate result of Defendant's unjustified failure and refusal to accept Plaintiff's tender and to convey the Property to Plaintiff, Plaintiff has been deprived of the benefit of the parties' Agreement, and has sustained other damages including, but not limited to, expenses

incurred in connection with obtaining financing for the property, the value of appliances purchased by Plaintiff and installed at the Property, the value of furniture customized for and purchased for the Property, the value of ceiling fans and customized toilets purchased for and installed at the Property and the costs associated with the filing of this action.

41. Moreover, because the Agreement was never terminated by either Party and Defendant continued representing a forthcoming closing, and installing furnishings acquired by Plaintiff at the Property, Plaintiff reasonably relied to his detriment on the expectation and anticipation that closing was to incur each and every time Defendant so advised subsequent to September 1, 2021.

42. Defendant knew or reasonably should have known of the harm incurred by Plaintiff subsequent to September 1, 2021, as property values in Panama City Beach were rapidly appreciating and Defendant knew or should have known that Plaintiff was reasonably incurring expenses in expectation of the Closing.

43. On or about December 12, 2021, Defendant indicated closing was to occur within ten (10) days, and inquired what Plaintiff was lacking for the closing to occur at such time. Defendant was assured Plaintiff was ready, willing and able to close.

44. If specific performance is not ordered, Plaintiff will have incurred damages as a proximate result of Defendant's unjustified failure and refusal to convey the Property in that Plaintiff has also expended considerable sums of money to install various appliances into the Property in anticipation of the conveyance from Defendant. The value of these improvements, which Defendant was aware of and voiced no objection to, will be lost by the Plaintiff but will accrue to the benefit of Defendant should specific performance of the Agreement be denied.

Moreover, Defendant will be deprived of the ability to acquire similar new construction property for the consideration set forth in the Agreement.

## COUNT 4: PRELIMINARY INJUNCTION

45. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if the same were fully rewritten herein.

46. By reason of Defendant's breach of the Agreement as described previously, Defendant, its agents, attorneys, successors and assigns and all those in active concert or participation therewith should be enjoined from the sale and/or any other attempt to dispose of the Property until Plaintiff's claims against Defendant are fully adjudicated so as to prevent Defendant or any subsequent third-party buyer from obtaining the benefit of Defendant's illegal and unlawful conduct.

47. In the absence of an issuance of a temporary, preliminary, and permanent injunction, Defendant may effectuate or complete the sale of the Property during the pendency of this action, thus, causing permanent and irreparable injury and loss to Plaintiff.

WHEREFORE, Plaintiff respectfully demands judgment in his favor as follows:

- On Count One, judgment in Plaintiff's favor and against Defendant, return of the Plaintiff's $10,000 in earnest money, compensatory damages in excess of $75,000, attorney fees as set forth in the Agreement, and the costs associated with this action;

- On Count Two, a Declaratory Judgment that the Agreement between the Plaintiff and Defendant was and is a valid and enforceable contract, that Plaintiff is entitled to the Property and that, subject to the Agreement of the parties on April 7, 2021, all subsequent contracts or agreements for the sale of the Property are invalid and unenforceable;

- On Count Three, an order directing Defendant to specifically to perform the Agreement thereby conveying the Property to Plaintiff in accordance with the requirements of the parties' governing Agreement;

- On Count Four, Judgment in the Plaintiff's favor entering a Temporary Restraining Order and Preliminary Injunction enjoining Defendant from completing the sale of the Property until such time as all claims and defenses are fully adjudicated.

- Attorney fees associated with this action as provided for in paragraph 17 of the Agreement; and

- Any other relief the Court deems just.

Respectfully submitted,

*/s/Patrick J. McIntyre*
PATRICK J. McINTYRE (Florida Bar No. 84474)
**WESTON HURD LLP**
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114-1862
Phone: (216) 241-6602;
Fax: (216) 621- 8369
E-mail: PMcIntyre@westonhurd.com

**Attorney for Plaintiff**